[No. 1501, July 25, 1913.]
PAUBLITA CANDELARIA, et al., appellees, v. EPIMENIO A. MIERA, appellant.

SYLLABUS (BY THE COURT)

1. A defendant may not as a matter of right introduce a new cause of action by way of counter claim by means of a trial amendment.

P. 115

2. A testamentary trustee, where he is negligent or unfaithful, is responsible for the amount the property coming into his hands ought to have yielded.

P. 117

3. Where the report of an executor is so imperfect, partial and misleading as to amount to a fraud in law, items in said report may be re-examined by a court of equity notwithstanding the prior approval of the Probate Court.

P. 118

4. Monies received from the sales of possessory rights to

real estate, even if said sales were void, must be accounted for by the Executor.

P. 119

Appeal from the District Court of Sandoval County; Herbert F. Raynolds, District Judge; affirmed.

A. A. SEDILLO, Albuquerque, N. M., for appellant.

Court erred in excluding evidence in support of items of counter-claim. Amendment C. L. 1897, sec. 2685, subsecs. 85 and 94; Perea v. Gallegos, 5 N. M. 110; Brown v. Gise, 14 N. M. 282; Friday v. Railway, 16 N. M. 437 and 438.

Former adjudications are not *res judicata* as to items of counter-claim. 1 Van Fleet's Former Adjudications, sec. 1, p. 2; 2 Black on Judgment, sec. 611; 1 Van Fleet's Former Adjudication, sec. 2, p. 27; Belden v. State, 103 N. Y. 1, 8 N. E. 363; Lindauer v. Mercantile Co. v. Boyd, 11 N. M. 475; 21 Am. & Eng. Enc. L. (1st ed.) 227; 2 Bouv. L. Dic. 551; 37 Cyc. 342; 2 Black on Judgments, sec. 610; Trammell v. Thorman, 17 Ark. 203; 10 Enc. of U. S. Rep. 736; Kennedy v. Scovial, 14 Conn. 61; Eaton & H. R. Co. v. Hunt, 20 Ind. 557; Garrot v. Johnson, 35 Am. Dec. 272, (Md.); Taylor v. Dustin, 43 N. H. 493; Richmond v. Hayes, 3 N. J. L. (2 Penning) 84; Maybee v. Avery, 18 Johns. 352; Same Party v. Dickerson, 85 N. Y. 435, 39 Am. Rep. 663; Horton v. Hamilton, 20 Tex. 606; King v. Chase, 15 N. E. 9, 41 Am. Dec. 675; Metcalf v. Gillmore, 60 N. H. 174; Oglesby v. Attrill, 20 Fed. 570; Faires v. McClellan, 24 S. W. 365; Aiken v. Peak, 22 Vt. 255; Fishburne v. Engledove, 91 Va. 548, 22 S. E. 354; Hunt v. Collins, 4 Ia. (4 Coles) 56; Henry v. Davis, 13 W. V. 230; Duncan v. Holcomb, 26 Ind. 278; Height v. City of Keokuk, 4 Iowa 199; Ferra v. Chavot, 63 Cal. 564; Van Camp v. Fowler, 133 N. Y. 600, 30 N. E. 1147; In re Wright, 6 N. Y. Sup. 773; Crandall v. Gallup, 12 Conn. 365; In re Wilcox, 11 C. C. Rep. 115; Clark v. Blair, 14 Fed. 812; Untereiner v. Shapard, 23 So. 219, 52

Candelaria v. Miera, 18 N. M. 107.

La. An. 1809; Parks v. Libby, 37 Atl. 357; Jackson v. Thompson, 64 Atl. 421, 215 Pa. St. 209; Selbie v. Graham, 100 N. W. 65, 18 S. D. 365; American Cotton Co. v. Heierman & Co., 83 S. W. 845, 37 Tex. App. 312; Hubbard Mill Co. v. Roche, 113 Ill. App. 602; Prall v. Prall, 50 So. 867, 58 Fla. 496; McKinnison v. Johnson, 52 So. 88; Kean v. Pittsburg Lead Min. Co., 105 Pac. 60, 17 Idaho 179; LeRoy v. Collins, 130 N. W. 635; Smith v. Town of Ontario, 4 Fed. 386; 23 Cyc. 1204 and cases cited; 2 Black on Judgments (2nd ed.) sec. 617 and cases cited; 23 Cyc. 1523 and cases cited; Ortiz v. Bank, 12 N. M. 519; McLean v. Baldwin, 69 Pac. 259 (Cal.); Boston & C. Smelting Co. v. Reed, (Col.) 48 Pac. 515; Sumner v. Sumner, (Ga.) 48 S. E. 727; Henderson v. Scott, 37 Hun. 412; Willis v. McKinnon, 70 N. E. 962; Interstate National Bank v. Clayton, (Tex.) 77 S. W. 44, 65 L. R. A. 820; Evans v. Woodsworth, (Ill.) 72 N. E. 1082.

Counterclaim.   18 Cyc. 563 and cases cited; Peter v. Beverly, 10 Pet. 466, 9 L. 522; Cheever v. Ellis, (Mich.) 108, N. W. 392; Roberts v. Bartlett, 26 Mo. App. 316; Martin v. Foster, 38 Ala. 688; Woods v. Ridley, 27 Mass. (5 Cush.) 119; Doty v. Cox, (Ky.) 22 S. W. 321; Clayton v. Somers, 277 N. Y. Eq. (12 C. E. Green) 230; McKenehan v. Crawford's Exec., 29 Pa. St. 390; Hill v. Buford, 9 Mo. 886; Milan v. Ragland, 19 Ala. 85; Roberts v. Bartlett, 26 Mo. App. 611; Livingston v. Newkirk, 3 Johns. Ch. 312; Appeal of Kost, 107 Pa. St. 143; Manson v. Duncanson, 166 U. S. 533; 41 L. 1105; Swift v. Harley, (Ind.) 49 N. E. 1069; In re Woolsey's Est., (N. J.) 59 Atl. 463; In re Meagley's Est., 56 N. Y. Sup. 503; Reed v. Franklin, 60 S. W. 215; In re Gill, 92 N. E. 390; Coldill v. Succession of McCullough, 20 Ann. (La.) 174; Birkholm v. Barrett, 4 Paige 148; Hart v. Bryan, 17 N. C. (Dev. Eq.) 147; Hall v. Griffith, 2 Har. & J. 143; Hearrin v. Savage, 16 Ala. 286; Billingsley v. Hendrie, 20 Md. 282.

Statute of limitations must be specially pleaded.   C. L. 1897, sec. 2685, sub-sec. 66; Phillips Code Pleading, secs. 336-337; Pomeroy Code Remedies, secs. 589-590; Laguna v. Acoma, 1 N. M. 220; 25 Cyc. 1401 and cases cited.

Rights and claims are purely equitable.    Roberts v. Bartlett, 26 Mo. App. 615; Harwood v. Harper, 54 Ala. 659; Knight v. Godbolt, 7 Ala. 304; Payne v. Pusey, (Ky.) 8 Bush 564; 18 Cyc. 917; Semmes v. Magruder, 10 Md. (Ch.) 456; Brown v. Stewart, 4 Md. Ch. 368; State v. Reigart, 1 Gill (Md.) 1 ,39 Am. Dec. 628; Moore v. Bryant, (Tex.) 31, S. W. 22; Harwood v. Harper, 54 Ala, 659; Baker v. Bush, 25 Ga. 571, 71 Am. Dec. 193; Huston v. Becker, 47 Pac. 10, 15 Wash. 586.

Executor is entitled to his expenses and attorneys fees and costs sustained in any litigation.    C. L. 1897, sec. 2001; Laws 1901, c. 81, secs. 32 and 34; 18 Cyc. 265, 273, 564 and 566 (D) and cases cited.

Same rule applies to a trustee.    39 Cyc. 340, 478, and 480 and cases cited; 18 Cyc. 353; 39 Cyc. 430 and cases cited; 40 Cyc. 1807 and 1809 and cases cited; 40 Cyc. 2061 and cases cited.

Real and personal estate of decedent subject to payment of debts.    Laws 1907, ch. 107; C. L. 1897, sec. 2065; 18 Cyc. 182 and cases cited; 40 Cyc. 2069 and 2070 and cases cited.

Legatee entitled to nothing until debts are paid.    Leake v. Leake, 75 Va. 794; 1 Story Eq. Jur., sec. 90; Bermingham v. Forsythe, 26 S. C. 358; Lewis v. Overby's Adm'r., 31 Grat. (Va.) 601, 2 S. E. 286; Succession of Willis, 33 So. 643, 107 La. 139; Horner v. Hosbrouck, 41 Pa. (5 Wright) 169.

Appellant not liable for rentals of real estate of decedent as charged by the court.    Patterson v. Gaines, 6 How. 600, 12 L. 553; C. L. 1897, secs. 1995, 1996, 1997; 10 Cyc. 180 and cases cited; C. L. 1897, secs. 1995 and 2065; Laws 1907, ch. 107, art. 17; 18 Cyc. 182, 303 and cases cited; 1 Woerner Am. Law of Admin., sec. 300; 21 Cyc. 145; 18 Cyc. 826; Wood v. Ridley, 27 Mass. (5 Cush.) 149; 2 Woerner Am. L. Admin., sec. 484; New Orleans v. Christmas, 131 U. S. 191, 33 L. 99; Burney's Heirs v. Ludeling, (La.) 17 So. 877; Green v. Biddle, 8 Wheat. 75, 5 L. 547; 24 Cyc. 1176; Laws 1907, ch. 107, sub-sec. 257; Moore v.

Candelaria v. Miera, 18 N. M. 107.

Meat Co., 16 N. M. 107; Neher v. Armijo, 11 N. M. 67; 18 Cyc. 1136.

Claims approved by the Probate Court can only be reviewed on appeal or impeached on the ground of fraud. C. L. 1897, secs. 929 and 2015; Laws 1901, ch. 81, sec. 40; Gutierrez v. Scholle, 12 N. M. 328; Gray v. Carroll, 101 Mo. App. 110, 74 S. W. 468; Nelson v. Barnett, 123 Mo. 564, 27 S. W. 520; Bell v. Altheimer, 138 S. W. 993; Patton v. Webb, 2 Me. 257; Merrill v. Harris, 57 Am. Dec. 359; 26 N. H. 142; Dickinson v. Hayes, 31 Conn. 417; Hill v. Berger, 10 How. Bac. 264; Churchill v. Cormer, 25 Va. 479; Seawell v. Buckly, 54 Ala. 592; App v. Dreisbach, 21 Am. Dec. 447; Tate v. Norton, 94 U. S. 746, 24 L. Ed. 222; Townsend v. Townsend, 60 Mo. 246; In re Bell's Est., 75 Pac. 679; In re Marshall Est., 50 Pac. 540; Barnett v. Vanmeter, 33 N. E. 666, 7 Ind. App. 45; State v. Gray, 106 Mo. 526, 17 S. W. 500; Starr v. Willoughby, 75 N. E. 1027; 2 L. R. A. (n s) 623; State v. Stuart, 74 Mo. App. 182; Floyd v. Newton, 134 S. W. 934; Young v. Byrd, 124 Mo. 590, 46 Am. St. 461; Sever v. Russell, 58 Mass. 7, 9 Am. Dec. 528.

Real Estate means lands, tenements and hereditaments. C. L. 1897, sec. 3940.

Possessory rights in real estate are not personalty. Probst v .Presbyterian Church, 125 U. S. 182, L. Ed. 642; Gildersleeve v. N. M. Min. Co., 6 N. M. 27; Solomon v. Yrisarri, 9 N. M. 480.

Statute of Frauds in force in New Mexico. Childers v. Talbott, 4 N. M. 336; Kingston v. Walton, 14 N. M. 368.

Property still remains in specie. Beall v. New Mexico, 16 Wall. 535, 21 L. Ed. 294; Chamberlain's Appeal, 41 L. R. A. 204.

Executor is entitled to expenses of administration. C. L. 1897, sec. 2001; Laws 1901, ch. 81, secs. 32 and 34; 18 Cyc. 265, 564 and 566.

SUMMERS BURKHART, Albuquerque, N. M., for appellees.

Facts therein found (paragraph 7 of decree) were Res

Judicata.   Cromwell v. Sac County, 94 U. S. 331, 24 L. Ed. 197, 198.

Refusal of court to allow amendment rested in sound discretion of the court.   C. L. 1897, sec. 2685, sub-secs. 81 and 82.

Rentals from real estate proper charges against appellant.   C. L. 1897, secs. 2065-2094; Dingman v. Beal, 213 Ill. 238; C. L. 1897, secs. 1445-1446; 2 Perry on Trusts, secs. 527, 608, 609; C. L. 1897, secs. 2052, 2053; Taylor v. Culbert, 138 Ind. 67; Delavan v. German Sav. Bank, 124 N. W. 350; Landis v. Scott, 32 Pa. St. 495; Owens v. Williams, 130 N. C. 165, 41 S. E. 93; C. L. 1897, secs. 3160-3178; Laws 1907, page 285.

Equity has jurisdiction to open final report of an executor for fraud, especially where plaintiffs are infants.   Perea v. Barela, 5 N. M. 458, 468, et seq.; 2 Perry on Trusts, sec. 603. ·

Appellant properly charged for full value of goats.   2 Perry on Trusts, sec. 266.

Trustee must keep clear, accurate and distinct accounts, 2 Perry on Trusts, sec. 841; 39 Cyc. 464 and cases cited.

## OPINION OF THE COURT.

PARKER, J.—This is a suit brought to open and vacate an account of the appellant as executor of the last will and testament of Paula Garcia de Mireles, the grandmother of the appellees, and for the taking of an account under the direction of the court of all the property and moneys coming into the hands of appellant as such executor, and as trustee under the will.   The action resulted in the decree against appellant for $3444.43.   It appears that long prior to the institution of this suit the appellees, by Emigran Candelaria, their guardian, each brought action against appellant for money had and received to and for their use, respectively, in the sum of $1125.00, and obtained judgment, which was paid and satisfied by appellant.   The record in these cases, which is in evidence in this case, discloses that the said appellees are the grandchildren of one Dionicio Mireles and said Paula Garcia de Mireles, his

wife; that said Dionicio departed this life, leaving a will
which was duly probated and. of which said Paula and
another were duly appointed executors; that the father of
appellees, as guardian, demanded of said executors their
share of their grandfather's estate coming to them
through their mother, and were about to bring suit when
a compromise was effected, whereby it was agreed that
$2500.00 was the amount of their share of the personal
property of said estate; that an order was afterwards
made by the probate court, authorizing the loaning of
said money at not less than 4% per annum; that there-
after Paula, the widow of Dionicio and grandmother of
the appellees, loaned the said $2500.00 to appellant, and
afterwards died.   Thereupon the two actions above men-
tioned were brought for this money so loaned, resulting
in the two judgments before mentioned.  .In those cases
the appellant admitted the receipt of $2500.00, and ac-
counted for the same as follows:

That by the direction of said Paula he paid $250.00 to
an attorney for his services in effecting the said settle-
ment and obtaining the said $2500.00, and paid out the
balance upon the debts of the deceased Dionicio, by direc-
tion of said Paula; that he did not borrow the money and
did not receive it as the money of said appellees. The court
found against him upon these facts and awarded judg-
ment.

In the present case, after denying many of the allega-
tions of the complaint, the appellant, by way of counter
claim, attempted to bring forward and obtain credit for
the amount he was compelled to pay on these judgments.
The court disallowed the claim on the ground that this
issue was settled by the adjudication in the two former
actions.   The court was clearly correct.   The issue in the
former actions was whether the appellant had received
$2250.00 of the money of the appellees, and the court
found that he had.   And so in this case the issue tendered
is whether he had so received said money, because, if he
had, he was entitled to no credit in the settlement of his
accounts with the estate of said Paula on account of such

payment of said judgments, and if he had not so received said money he might be so entitled to such credit. In his original answer in this case by way of counter claim, the defendant alleged the receipt of $2250.00, and alleged that he had paid out the same and more, prior to the death of said Paula as hereinbefore stated, but he did not allege that he was entitled to credit for having so paid out the said money, and, on the contrary, alleged that he was entitled to credit on account of the amount paid in satisfaction of said judgments together with expenses and disbursements in defending said former actions. During the trial appellant offered an amendment to his answer as follows:

"And the defendant further answering plaintiff's complaint herein and by way of defense and counter claim, alleges:

"That on or about June 27th, 1899, Paula Garcia de Mireles deposited the sum of $2,250.00 for the purpose of paying certain debts of the estate of Dionicio Mireles, deceased, and to pay out and disburse subject to the order of the said Paula Garcia de Mireles, to-wit, January 23rd, 1901, the said money was expended and disbursed by the defendant as directed by the said Paula Garcia de Mireles as well as other divers sums of money and that at the time of her death the said Paula Garcia de Mireles was indebted to the defendant in the sum of $2300.00, which said sum is still due and unpaid to the defendant.

"2.   That the said Paula Garcia de Mireles is indebted to the defendant for money, goods, wares and merchandise turned over, sold and delivered by the defendant to the said Paula Garcia de Mireles at her request from June 14th, (27th), 1899, to January 23rd, 1901, and of the reasonable value thereof, in the sum of $2300.00, which said sum is wholly due and unpaid.

"3.   That the plaintiffs, Pablita Candelaria and Andres Candelaria, infants under the age of twenty-one years, are indebted to the defendant for money, goods, wares, and merchandise turned over, sold and delivered by the defendant to Paula Garcia de Mireles, deceased, from June

14th, (27th), 1899, to January 23rd, 1901, and of the reasonable value thereof, in the sum of $2300.00, which said sum is wholly due and unpaid."

It thus appears that appellant endeavored to introduce by his amended answer an entirely new and different issue into the case. Upon the trial he evidently sought to shift his position and to accept the results of the litigation in the two former actions and to assert a claim against the estate of the said Paula, and consequently against the appellees, for the sum of $2300.00, alleged by him to have been paid, laid out and expended for the said Paula at her request, as hereinbefore stated. The court refused to allow the amendment and appellant assigns error upon the action of the court. He argues, if we understand him, that appellant was entitled as a matter of right to make this trial amendment.

We do not so understand the law. We recently have had occasion to examine the question of trial amendments, and in Loretta Literary Society v. Garcia, just decided, we held the power of the court to permit such amendment was limited by sub-section 82 of sec. 2685, C. L. 1897, so as to prevent the introduction of a new cause of action. That the cause of action sought to be introduced by the amended answer by way of counter claim, was a new and different one from that originally pleaded would seem to be plain, and, in fact, it is so argued by counsel for appellant in support of his contention that the two former judgments did not adjudicate the issue therein tendered. So, even had the court permittted the amendment, it would have been erroneous under the circumstances. The conclusion renders it unnecessary to discuss the doctrine of *res adjudicata,* to which much space is devoted in the briefs, except in one particular. Counsel for appellant argue that the doctrine of *res adjudicata* is not available to appellees because the estoppel arising out of the former adjudications is not pleaded. In this he is mistaken. It is distinctly alleged in the complaint that the $2250.00 was received by appellant to the use of appellees and that appellees were compelled to bring the suit

to recover the same, and that they were successful. In support of this allegation the records in the former cases were introduced and, so far as disclosed, without objection. It is true the allegation in the complaint was not in form a plea of *res adjudicata,* but more designed to characterize the conduct of appellant as antagonistic to the rights of appellees. It is likewise true that the answer of appellant is in form a counter claim, but in fact it is, in this regard, more in the nature of a denial of the allegations of the complaint, and puts them squarely in issue. Appellees in their reply simply denied the allegations of the answer by way of counter claim. They do not in terms again plead the estoppel arising out of the former judgments; but all of the facts out of which the estoppel arises were set forth in the complaint. That the estoppel was not intended to be waived, sufficiently appears throughout the case. Under such circumstances it cannot be said that the estoppel of the former judgments was not pleaded. Besides no such question was presented to the trial ocurt, so far as we can see from the record.

It appears that appellant was nominated executor, guardian and administrator by the last will and testament of said Paula, qualified and took possession of the estate. Shortly thereafter he obtained an order from the probate court authorizing him to sell all of the real estate, which he proceeded to do, and realized therefrom $1040.00, in various sums. Some of the deeds were executed as guardian, some as executor, and some as both. The court below computed interest at 4% to the date of the decree and charged the appellant with that amount. This was evidently done upon the theory that under the terms of the will of Paula, appellant was to pay 4% on all of the moneys coming into his hands as executor and guardian. That these sales were void, both sides agree. Counsel for appellant argues that this fact leaves the real estate so sold still the property of appellees and that the money so received by appellant is not their money, and he is consequently not chargeable to them for any interest thereon. He further argues that if appellant is to be charged for

rentals, as such, he is chargeable only for rentals actually received by him, and in this case he received none. On the other hand counsel for appellees argues in support of the judgment that inasmuch, under the will, appellant had no power to sell, but was charged with the duty of holding the property until the infants had attained their majority, he necessarily took charge of the real estate more as guardian of the infants than as executor, and, as such, it became his duty to rent the same for their benefit. At least, he argues, he was a trustee by the terms of the will and, as such, it was his duty to preserve the estate and to realize from it the reasonable rental value for the benefit of the infants.

In this position he is correct. Appellant was not only executor of the will, but was charged with the duty of preserving the estate as trustee. He had no duty as executor in regard to the real estate, but as testamentary trustee his duty extended to the whole estate, including the real estate. Under such circumstances he is chargeable with the rental value of the real estate where, as appears, he neglected to rent it, but, on the other hand, he proceeded to sell it contrary to law. That a trustee is responsible for the amount the property ought to have yielded, when he is negligent or unfaithful, see, 39 Cyc. 323, 324, note 58; Taylor v. Calvert, 138 Ind. 67; Delavan v, Bank, 124 N. W. 350; Landis v. Scott, 32 Pa. St. 495; Owens v. Williams, 130 N. C. 165.

The fact that the charge was made against appellant upon what was possibly an erroneous theory will not avail him here, as the amount of the reasonable rental value of the real estate, according to all the evidence, is greatly in excess of the amount allowed by the court against him.

Appellant complains of the disallowance of two items of $75.00 and $40.20, respectively. The argument in support of the assignment of error 'is that these items were included in appellant's final report, and were approved by the probate court, and that, consequently, they can be reviewed only by appeal from that judgment. The court found appellant to have been grossly negligent in the exe-

cution of his trust; that his so-called final report in no respect complied with the requirements of law, and that appellees were entitled to have the same opened and the accounts surcharged; that he kept no account of the moneys or property received by him, and that appellees were entitled to an accounting of all of appellant's doings as executor and testamentary trustee. The court found that over $1000.00 worth of property had been received by appellant which had never been inventoried or accounted for, and, on the other hand, allowed him over $800.00 for disbursements which were not included in his final report. It is true that the court did not specifically find that the judgment of approval of his so-called final report was obtained by fraud, but all of the circumstances would seem to show that his said report was so imperfect, partial and misleading as to amount to a fraud in law. Whether a judgment of approval of a final report of an executor by a probate court under circumstances different from those appearing from this record could be reviewed only by appeal, it is not necessary for us to decide. But under the circumstances shown here, the case falls clearly within the doctrine laid down in Perea v. Barela, 5 N. M. 458, 472, where it is said:

"The case presented by the bill and made out by the evidence involves a trust fraudulently executed, and necessitates a discovery and an accounting. The existence of these is all that is necessary to invoke the equitable jurisdiction of the court."

It appears that the decedent had a possessory right to two ranches known as the Salada and Narajo Ranches. Appellant disposed of or sold this right, as the court found, and realized $490.00 therefrom, for which he was charged. He executed no writing for the same but simply took the money of the transferee in the case, and a ranch in exchange for the other. We are unable to understand upon just what theory appellant objects to this charge. He suggests that the right was real estate, and that a verbal sale would be void under the statute of frauds, and that

the property still remains in specie.  But, even so, he has received the money and certainly must account for the same.  If at some future time the appellees seek to contest the appellant's vendees this possessory right, they may have to settle with such vendees concerning the purchase price paid for such right.  That is a matter of no concern of appellant.

All of the other errors assigned arise upon either the disallowance of charges by appellant, or the charging against him of items.  In each case the evidence was conflicting and the findings can not be disturbed by this court.  No questions of law are involved.

This disposes of all of the contentions of appellant and for the reasons stated the decree of the court below will be affrmed, and it is so ordered.

### SYLLABUS (BY THE COURT)

