206 P.2d 1154

**RUBALCAVA v. GARST.**

No. 5190.

Supreme Court of New Mexico.

June 8, 1949.

Claron E. Waggoner and J. Carey Enloe, Socorro, for appellant.

William J. Eaton, Socorro, for appellee.

McGHEE, Justice.

The appellant, defendant below, seeks the reversal of a decree enforcing the performance of an oral contract to devise property. We will refer to the parties as they appeared below.

The trial court found that in 1900 the mother of the plaintiff, then a widow, gave her to Emilio Papa and his wife Benigna Nunez de Papa (relatives of plaintiff and a childless couple) in consideration of their promise to take plaintiff into their home, raise her as their own child, and devise to her all property of which they died seized. The plaintiff lived with the couple and served them as their child until she married, with the consent of such couple, at the age of seventeen years. Thereafter the plaintiff resided in California. Mrs. Papa died in the year 1935 and Emilio Papa de-

parted this life in the year 1945, intestate, leaving an estate consisting of real and personal property in Socorro County, New Mexico, of which the defendant is the administrator.

The first point raised by the defendant is that the evidence does not sustain the findings of the court that such an agreement had been made and that it was not sufficiently corroborated.

The defendant did not make a request for any findings of fact or except to those made by the court. The findings of fact made by the trial court are therefore binding here. Krametbauer v. McDonald, 44 N.M. 473, 104 P.2d 900.

The defendant's next point is that the trial court erred in failing to sustain his motion to dismiss the case on the ground the cause of action was based on an oral contract and that the complaint was not filed until after Chapter 66, Laws of 1947, became effective. Section 1 of this Act reads:

"Section 1: No claim against the estate or property of a deceased person, and no suit or legal proceeding for the purpose of impressing a trust or other legal or equitable interest in or lien upon the property of a deceased person shall be brought, had, maintained or allowed in any of the courts of this state against the personal representative of said decedent, or his or her estate or heirs, devisees or legatees, where such claim is founded upon an alleged agreement by the decedent, express or implied, to adopt the claimant, or to treat the claimant as an heir of said decedent, unless the decedent shall have signed a written memorandum thereof clearly setting forth the nature, extent and terms of said agreement and unless the claimant shall prove by a preponderance of the evidence that he or she carried out and fulfilled all of the terms of said agreement as contained in said memorandum."

In his brief in chief the defendant urges that this statute should be applied to a cause of action which arose prior to its enactment, while in his reply brief he meets the argument of the plaintiff that the Act is unconstitutional if applied to a cause of action which had fully accrued prior to its effective date, with the claim that it is a limitation statute.

It should be kept in mind that the trial court found that the plaintiff had fully performed all obligations imposed upon her by the terms of the contract until the foster parents consented that she could marry and move to California. Such a contract was valid when made and she was entitled to the property prior to the effective date of Chapter 66, supra. Paulos v. Janetakos, 41 N.M. 534, 72 P.2d 1.

Art. 2, Sec. 19 of the New Mexico Constitution reads:

298

"No ex post facto law, bill of attainder, nor law impairing the obligation of contracts shall be enacted by the legislature."

It is stated in 1 Cooley's Constitutional Limitations, 8th Ed., p. 583, as follows:

"'The obligation of a contract,' it is said, 'consists in its binding force on the party who makes it. This depends on the laws in existence when it is made; these are necessarily referred to in all contracts, and forming a part of them as the measure of the obligation to perform them by the one party, and the right acquired by the other. There can be no other standard by which to ascertain the extent of either, than that which the terms of the contract indicate, according to their settled legal meaning; when it becomes consummated, the law defines the duty and the right, compels one party to perform the thing contracted for, and gives the other a right to enforce the performance by the remedies then in force. If any subsequent law affect to diminish the duty or to impair the right, it necessarily bears on the obligation of the contract, in favor of one party, to the injury of the other; hence any law. which in its operations amounts to a denial or obstruction of the rights accruing by a contract, though professing to act only on the remedy, is directly obnoxious to the prohibition of the Constitution.'"

In Baker v. Tulsa Building & Loan Association, 179 Okl. 432, 66 P.2d 45, 46, it is stated:

"A 'vested right' is the power to do certain actions or possess certain things lawfully, and is substantially a property right, and may be created either by common law, by statute, or by contract. And when it has been once created, and has become absolute, it is protected from the invasion of the Legislature by those provisions in the Constitution which apply to such rights. And a failure to exercise a vested right before the passage of a subsequent statute, which seeks to divest it, in no way affects or lessens that right."

This case contains an able review of the authorities on the question now under consideration. Except for the applicable provision of the Oklahoma constitution, it has as its foundation the statement of Judge Story in Society for the Propogation of the Gospel v. Wheeler, C. C., Fed. Cas. No. 13,156, 2 Gall. 105, that:

"* * * Upon principle, every statute, which takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past, must be deemed retrospective."

The 1947 Act which the defendant invokes here is not a limitation statute,

but by its terms bars the present action if we give it effect. It is clearly violative of our constitutional provision above quoted, so far as contracts which had been performed prior to its effective dates are concerned. It cannot be used as a bar to this action.

The judgment will be affirmed, and it is so ordered.

BRICE, C. J., and LUJAN, SADLER, and COMPTON, JJ., concur.