248 P.2d 207

**RUBALCAVA v. GARST et al.**

No. 5434.

Supreme Court of New Mexico.

May 31, 1952.

Rehearing Denied Oct. 9, 1952.

William J. Bingham, Harry D. Robins, Albuquerque, for appellants.

William J. Eaton, Socorro, for appellees.

HENSLEY, District Judge.

In the year 1900 Abelina Garcia, then a widow, lived with her infant daughter, Margarita Garcia, in the Village of Laborcita in Socorro County, New Mexico. At the same time, Benigna Nunez de Papa, a sister of Abelina Garcia, was living with her husband, Emilio Papa, in Socorro County, New Mexico. The marriage produced no children. An agreement was entered into between Abelina Garcia and Emilio Papa and his wife to take the infant daughter Margarita Garcia into the Papa home, raise her as their own daughter and at their death Margarita was to receive their property. Margarita grew to womanhood in the Papa home. In 1935 Benigna Nunez de Papa died intestate. In 1947 Emilio Papa died intestate. On February 25, 1947, a probate proceeding was initiated in Socorro County by Stephen Q. Garst by the filing of a petition in which he sought his own appointment as administrator of the estate of Emilio Papa, deceased. The petition disclosed that Victor Papa, aged 65 years, a resident of Magdalena in Socorro County, New Mexico, to be a cousin of the decedent and his only known heir. Victor Papa recommended the appointment of Stephen Q. Garst.

Margarita Rubalcava, formerly Margarita Garcia, on June 25, 1947, filed a petition to intervene and alleged the existence of the oral agreement between Abe-

lina Garcia, Benigna Nunez de Papa and Emilio Papa.

On the same day Margarita Rubalcava filed a petition in the District Court of Socorro County, New Mexico, against Stephen Q. Garst, Administrator of the Estate of Emilio Papa, deceased. This suit to determine heirship and to establish the oral agreement heretofore referred to proceeded to final judgment on January 28, 1948. The issues were resolved in favor of the plaintiff. Thereafter the cause came before this court in Rubalcava v. Garst, 53 N.M. 295, 206 P.2d 1154.

On July 20, 1950, Sadie Papa, widow of Victor Papa, deceased, he having died on August 17, 1947, filed suit in the District Court of Socorro County, New Mexico, against Stephen Q. Garst, Administrator, the surety on his official bond, and Margarita Rubalcava. This suit sought to set aside the judgment in Cause No. 28 on the probate docket. A judgment adverse to the plaintiff was entered. An appeal therefrom is now before this court in Cause No. 5435. Cause No. 28 on the probate docket of the District Court, having been decided in favor of Margarita Rubalcava, is now before this court in Cause No. 5410. The appellants, Sadie Papa, widow of Victor Papa, deceased, and her children, seek a reversal of that judgment.

In Rubalcava v. Garst, 53 N.M. 295, 206 P.2d 1154, this court affirmed the District Court on June 8, 1949. On November 27, 1950, Sadie Papa, widow of Victor Papa, deceased, and her children, Stella Papa Storm, Alice Papa Miner, Sadie Papa Schoonover, Eva Papa Rinkle, Elsie Papa, Sero Papa, Henry Papa and Dorothy Papa, a minor, filed a petition in the District Court of Socorro County, in Cause No. 12–075, being the same case of Rubalcava v. Garst, 53 N.M. 295, 206 P.2d 1154, seeking to set aside the judgment of the district court. Again the matter proceeded through the District Court and is now before this court in Cause No. 5434.

By agreement of the parties the cases are submitted jointly and will here be so treated.

The appellants Sadie Papa and her children assign numerous errors in their quest for reversal.

The first assignment of error in Cause No. 5434 attacks a ruling of the district court wherein the appellants' petition to set aside the judgment on the ground of lack of jurisdiction was denied. This question will be treated first for obvious reasons.

The record discloses that Victor Papa, cousin of Emilio Papa, was living at the time of the death of Emilio Papa and at the time of the appointment of the administrator of the estate of Emilio Papa, deceased. It further discloses that Victor

Papa was survived at his death by his wife, Sadie Papa, and their children named herein as appellants. Further, Emilio Papa owned both real and personal property at the time of his death. There were negotiations between Margarita Rubalcava, Stephen Q. Garst, Victor Papa and Sadie Papa for an amicable settlement during the progress of the litigation in the District Court and their identities and whereabouts were fully known to each other. Neither Victor Papa during his lifetime, nor Sadie Papa, his widow, were made parties defendant in any of the proceedings. No process of any kind was sought or issued to bring Victor Papa, Sadie Papa, or any of their children within the jurisdiction of the court in either the probate proceedings or in the suit filed by Margarita Rubalcava to determine the heirship of Emilio Papa and to establish the oral agreement to devise property. The plaintiff, Margarita Rubalcava, was satisfied that the administrator of the estate was the only necessary defendant. Had the entire estate consisted solely of personalty then she would have been secure in her position. Such is not the case where realty is involved. Realty vests in the heirs. A contract to make a particular disposition of real property by last will and testament is enforceable against the heirs, not the administrator. The heirs are indispensable parties. Morgan's Heirs v. Morgan, 2 Wheat. 290, 15 U.S. 290, 4 L.Ed. 242.

■■ That an indispensable party has been omitted may be raised at any time. Burguete v. Del Curto, 49 N.M. 292, 163 P.2d 257; Miller v. Klasner, 19 N.M. 21, 140 P. 1107; Hugh K. Gale Post No. 2182, Veterans of Foreign Wars v. Norris, 53 N.M. 58, 201 P.2d 777. It necessarily follows that the District Court not having the appellants within its jurisdiction could enter no judgment adverse to them; however, the judgment of the District Court was not wholly void. Insofar as it affected the personal property of the estate of Emilio Papa as it existed at the time of the appointment of the administrator the judgment will not be disturbed. The cause will be remanded to the trial court for the inclusion of such parties as are indispensable to a decision affecting the realty as it existed at the time of the appointment of the administrator and with instructions to proceed anew from that point.

The opinion of this court in Rubalcava v. Garst, 53 N.M. 295, 206 P.2d 1154, is also superseded to conform to the result and conclusions reached herein.

It is so ordered.

LUJAN, C. J., and SADLER, McGHEE, and COMPTON, JJ., concur.

COORS, J., did not participate.