293 P.2d 656

**Margarita RUBALCAVA, Plaintiff-Appellant,**

**v.**

**Stephen Q. GARST, Administrator of the Estate of Emilio Papa, Deceased, and the National Surety Company of New York, New York, a corporation, and Mrs. Jennie Innerbichler, Attorney in Fact, Defendants-Appellees.**

**No. 6008.**

Supreme Court of New Mexico.

Jan. 25, 1956.

Rehearing Denied March 1, 1956.

William J. Eaton, Socorro, for appellant.

Marron & McRae, Joseph Phil Click, Albuquerque, for appellees.

McGHEE, Justice.

The plaintiff appeals from a summary judgment entered by the lower court dismissing her complaint upon the ground that the matters sought to be adjudicated thereunder have been settled by prior final decree entered in the probate proceedings upon the estate of Emilio Papa, deceased.

Before proceeding to a description of the plaintiff's complaint and the matters raised on this appeal, a brief reference to prior litigation affecting the said estate will illumine certain aspects of the case.

Emilio Papa died intestate in 1945 leaving an estate of real and personal property in Socorro County, New Mexico. In 1900 the plaintiff's mother, a widow, gave the plaintiff to Emilio Papa and his wife, relatives of the plaintiff who were childless, in consideration of their promise to take the plaintiff, rear her as their child and devise to her all property of which they died seized. Until the plaintiff was seventeen years of age, when she married with the consent of the Papas, she lived with them as their child. Mrs. Papa died in 1935.

In Rubalcava v. Garst, 1949, 53 N.M. 295, 206 P.2d 1154, this Court affirmed a judgment in favor of the plaintiff against the present defendant Garst, administrator of the estate of Emilio Papa, deceased, for performance of the oral contract of Emilio Papa to devise his property to the plaintiff. The chief contention upon that appeal was that Ch. 66, Laws of 1947, barring such actions upon oral contracts in the absence of a sufficient memorandum thereof signed by the decedent, became effective prior to the plaintiff's filing of her complaint and that the same was barred thereunder. Against this contention it was held application of the statute to the contract entered into and performed by the plaintiff prior to its effective date would be an unconstitutional impairment of the obligation of contract.

In 1952 litigation concerning the estate of Emilio Papa was again appealed to this Court. Rubalcava v. Garst, 56 N.M. 647, 248 P.2d 207, and connected and consolidated cases: Papa v. Garst, and In the Matter of the Estate of Papa, both reported at 56 N.M. 651, 248 P.2d 209. The contention upon appeal was that Sadie Papa and her children were the widow and children of Victor Papa, deceased, a cousin of Emilio Papa; that Victor Papa sur-

vived Emilio Papa and was his only known heir and that his widow and children were indispensable parties in the action brought by the plaintiff, Mrs. Rubalcava, to determine the heirship of Emilio Papa and to establish and enforce his oral agreement to devise property to her. This contention was upheld as to the real estate involved in the estate. The cases were then remanded to the district court for the inclusion of indispensable parties and further proceedings.

Included in the record of the present case is the final decree filed June 30, 1953, in the probate proceedings upon the estate of Emilio Papa. The decree recites that the matter came on to be heard on the final and supplemental accounts of the defendant administrator, together with his petition praying for his discharge; that the final account and petition were filed on June 5, 1950; that the hearing of the final account was delayed due to the filing of objections and protests thereto; that at the time of the entry of the final decree all objections, petitions and protests had been disposed of and the administration was ready to be closed. It was further recited that requisite notices in the estate had been duly published, that all claims against the estate were fully paid, except $67.21 for the state succession tax; that a supplemental report was filed by the administrator showing his acts and doings to the date of the decree and that the supplemental and final accounts were just, true and correct and should be settled as rendered. Immediately preceding the decretal portion of the final decree it is recited that the plaintiff, Margarita Rubalcava, was the sole heir at law of Emilio Papa, deceased, and that the court in earlier civil cause in the district court had held her to be the owner of and entitled to all the residue of the estate of Emilio Papa.

The decretal portion of the final decree is as follows:

"It Is Therefore, adjudged and decreed by the Court that the final account and the supplemental account of Stephen Q. Garst, administrator of the estate of Emilio Papa, deceased, be, and the same are hereby approved, allowed and settled; And that said administrator forthwith pay, out of the moneys in his possession belonging to said estate, to the Treasurer of the State of New Mexico, succession tax in the sum of $67.21; That he execute and deliver to Margarita Rubalcava, good and sufficient deeds and bills of sale conveying to said Margarita Rubalcava, all the real estate and personal property remaining in his possession belonging to the estate of Emilio Papa, deceased; That the residue of said estate, after paying the above claim, said administrator pay to Margarita Rubalcava, the heir of Emilio Papa, deceased.

"It Is Further Ordered by the Court that upon compliance with the above

orders and filing the receipts, checks and vouchers issued and received by him as administrator, the said administrator be, and he is hereby discharged, and his bondsmen are hereby released from future liability on his bond."

No appeal was taken from this final decree.

The substance of the plaintiff's present complaint is that the defendants, Stephen Q. Garst, as administrator, and the National Surety Company of New York, surety on the official administrator's bond, have not kept, performed and fulfilled the conditions of the official bond, to the damage of the plaintiff in the sum of $14,000.

In particular, wrongful acts are alleged on the part of the defendant administrator in that he, together with the defendant Innerbichler, attorney-in-fact for the plaintiff, entered into an unlawful agreement to sell and did sell certain real estate and cattle of the estate to one Allie Strozzi and that the purchase price paid therefor was less than the value thereof by $1,400; that the sale of the real estate was unlawful and the plaintiff suffered a loss of $7,000 thereby. (The paragraph containing the latter allegation does not allege that the sale of real estate complained of was the transaction with Allie Strozzi, but from the remainder of the complaint apparently this was the transaction to which reference was intended.) Next it

is alleged that the defendant administrator induced defendant Innerbichler to get the plaintiff to appoint Mrs. Innerbichler as her attorney-in-fact, with the malicious and fraudulent intent of influencing defendant Innerbichler to aid him in carrying out the fraudulent purpose of selling the real estate and cattle to Allie Strozzi at a reduced price and that the defendant administrator induced Mrs. Innerbichler to agree to pay the sum of $3,000 to Mrs. Sadie Papa so that the latter would not further object to the closing of the administration of the estate, this against the strict commands of the plaintiff to enter into no compromise with Mrs. Papa, resulting in a loss to plaintiff of $3,000.

It is further asserted that after such compromise and payment the defendant administrator refused to sign the final report and close the administration until Mr. and Mrs. Rubalcava had executed deeds to Allie Strozzi for the real estate.

Next it is complained that after the close of administration an agent of the defendant surety company was notified thereof and a claim was made for the return of the unearned premium of the administrator's bond amounting to $60 and that the defendant surety company has failed and refused to pay such sum.

Lastly, it is alleged that the administrator, by the use of ordinary care and diligence should have closed the estate before July 20, 1950; but because of willful and

negligent delay the administration was not closed until August 10, 1953, for which the plaintiff is entitled to interest, presumably upon the assets of the estate on July 20, 1950, at the rate of six per cent per annum.

The defendants in their answer admitted the sale of the cattle and real estate to Allie Strozzi and denied all of the other allegations described above. The answer also alleged failure of the complaint to state a cause of action and that the final decree entered in the probate proceedings upon the estate of Emilio Papa is res judicata as to all matters complained of in the complaint.

Upon the defendants' motion therefor the trial court granted summary judgment against the plaintiff in which the court recited it had examined the proceedings and final decree in the probate file. The court found that the matters sought to be adjudicated by the complaint have been settled by said final decree and that the plaintiff, prior to the entry of the final decree, had notice through her attorney of alleged better prices for the sale of the land and cattle of the estate. The court concluded as a matter of law that the final decree in the probate of the Papa estate barred litigation of the matters attempted to be litigated by the complaint and ordered that the motion for summary judgment be granted and that the complaint be dismissed.

The praecipe for record filed by the plaintiff did not call for the entire proceedings in the probate matter; the only portions of that record included in the record before us are the final decree and copies of papers, checks, vouchers and receipts filed by the administrator in compliance with the requirements of the final decree.

An affidavit by counsel for the plaintiff, who also represented plaintiff in the probate proceedings, states that sometime around the early summer of 1947 he was told by one Kelly that the latter might consider bidding as much as $10,000 for the real estate and cattle of the estate. In answer to defendants' motion for summary judgment asserting that plaintiff had notice through her attorney of all acts of the administrator complained of in this suit and that she had notice of the final account and report, as well as the entry of the final decree approving the same, plaintiff's counsel filed an affidavit denying that plaintiff had notice through him of all of the acts of the administrator complained of in the suit, denying that he had knowledge in 1947 and in 1950 of alleged availability to the administrator of a better price for the land and cattle of the estate. The latter denial is clearly at variance with the earlier affidavit of said counsel noticed above.

The real contention made in the affidavit of answer to the motion for summary judgment is that the defendants made continuing false representations that the administrator of the estate had written authority for his acts and that the defendant

Innerbichler had authority for her acts in entering into the compromise with Sadie Papa and that plaintiff's counsel relied upon these representations, being ignorant of their falsity until after the estate had been closed.

The argument of the plaintiff on this appeal is, in substance, that the final decree entered in the probate of the Papa estate was a conditional one and that until the conditions of the discharge have been complied with, the decree has no operation as a final decree. This point is of no avail to plaintiff because her complaint does not allege that the conditions of the discharge have not been complied with by the defendant administrator, the conditions being distribution of the assets of the estate and the filing by the administrator of his receipts, checks and vouchers.

■ The burden of the complaint and matters filed in resistance to the motion for summary judgment is that the defendant administrator and defendant Innerbichler, plaintiff's attorney-in-fact, were guilty of fraudulent acts and misrepresentations in the probate proceedings. Although the matter is not argued to us, if the complaint be viewed as an attempt to have the final decree in probate set aside for fraud, a recognized ground for equitable intervention, Perea v. Barela, 1891, 6 N.M. 239, 27 P. 507; Candelaria v. Miera, 1913, 18 N.M. 107, 134 P. 829; Cf. Wollard v. Sulier, 1951, 55 N.M. 326, 232 P.2d 991;

and Rule 60(b), Rules of Civil Procedure, still the complainant must show there existed at the time the facts became known no adequate remedy at law either in the probate court or on appeal therefrom. First Nat. Bank of Albuquerque v. Dunbar, 1927, 32 N.M. 419, 258 P. 817.

■ The trial court has found that the plaintiff had knowledge through her attorney of alleged better offers for the sale of the assets of the estate and we believe in view of the affidavit of plaintiff's counsel that he knew as far back as 1947 that at least one person was interested in bidding perhaps as much as $10,000 for the land and cattle that the finding has ample support in the record.

■■ Furthermore, it is not asserted that plaintiff did not have notice of the transactions of which she now complains, but only that she was unaware of the falsity of the representations that the administrator had the consent of everybody to the transactions. There is no showing whatever of any damage sustained because unknown persons objected to the transactions and if the plaintiff did not consent thereto, she had the burden as a participant and intervener in the probate cause to come forward with her objections. In this connection it is noted, as already mentioned, that one of the allegations of the complaint herein is that after the compromise and the sum of $3,000 had been paid to Sadie Papa to prevent further litigation, the defendant

Garst as administrator, refused to sign the final report and refused to close the administration until Mr. and Mrs. Rubalcava had executed deeds to Allie Strozzi for the real estate. Also, filed among the receipts and checks in the probate proceedings, and included in the record before us, is the receipt of $8,500 deposited to the credit of the defendant administrator bearing the notation "payment in full on ranch & cattle by Allie Strozzi." Further, one of the cancelled checks on file in the proceedings was to the attorneys for Sadie Papa for the sum of $3,000. It is nowhere contended that these and other items complained about were not reported in the final and supplemental reports of the administrator.

Upon the basis of the foregoing considerations and the fact that the contents of the file in probate, except for the items already described, are not incorporated in the record before us, which file was examined by the court below, the judgment of dismissal appealed from is correct and should be affirmed.

Complaint is made that it was error for the trial court to refuse to order the taking of the plaintiff's deposition and issue commission therefor, said deposition to be used in evidence upon the motion for summary judgment. The point is without merit in view of the fact that plaintiff has not shown how she was prejudiced or damaged thereby. Bounds v. Carner, 1949, 53 N.M. 234, 205 P.2d 216; Goldenberg v. Law, 1913, 17 N.M. 546, 131 P. 499.

The judgment appealed from is affirmed, and it is so ordered.

COMPTON, C. J., and LUJAN and SADLER, JJ., concur.

KIKER, J., not participating.