572 P.2d 1248

**STATE of New Mexico ex rel. STATE HIGHWAY DEPARTMENT of New Mexico, Petitioner-Appellant,**

v.

**FIRST NATIONAL BANK IN ALBUQUERQUE and Kistler-Collister Co., Inc., Defendants-Appellees.**

No. 11212.

Supreme Court of New Mexico.

Dec. 14, 1977.

Rehearing Denied Jan. 10, 1978.

Toney Anaya, Atty. Gen., Richard L. Russell, Chief Counsel, Henry Rothschild, Deputy Chief Counsel, Santa Fe, for petitioner-appellant.

Leland S. Sedberry, Jr., Modrall, Sperling, Roehl, Harris & Sisk, Albuquerque, for defendants-appellees.

## OPINION

McMANUS, Chief Justice.

This is a condemnation proceeding originally filed in Bernalillo County on February 25, 1972. In the first trial the jury returned a verdict for the landowner, Kistler-Collister, in the amount of $250,000. The State appealed the verdict and award in *State ex rel. Hwy. Dept. v. Kistler-Collister Co., Inc.,* 88 N.M. 221, 539 P.2d 611 (1975). We reversed the judgment therein and remanded for a new trial consistent with our decision.

In this the second trial, the jury again returned a verdict for Kistler-Collister, this time in the amount of $21,000 more than in the first trial, or $271,000. The Highway Department again appeals the jury verdict and award.

The appellant asserts seven points of error.

I. The appellant contends that the trial court abused its discretion by denying the State's motion for discovery of Kistler-Collister's business records. The State sought these records pursuant to New Mexico's rules for discovery set out in Rule 34 of the Rules of Civil Procedure, N.M.R.Civ.P. 34 [§ 21–1–1, N.M.S.A.1953 (Repl.1970)] and Rule 33, N.M.R.Civ.P. 33 [§ 21–1–1, N.M.S.A.1953 (Repl.1970)] governing interrogatories.

The discretion to allow compulsory production under both of the rules cited above vests with the trial court. The record reveals that the trial judge heard the Rule 34 and 33 motions and denied them. Prior to the trial and regarding these records, the court ordered:

You have them available at trial time in case you use them so that at that time you can hand the State a copy of them.

The defendant did not use the records at any time during the course of the trial, and the State did not at any time ask for such information during the trial.

The discretion of the trial court in denying discovery is not to be interfered with in absence of clear abuse. *Francisco v. Travelers Insurance Company,* 363 F.2d 1019 (8th Cir. 1966). Furthermore, even if we believed the trial court to have erred, which we do not, the error must have been so substantial and prejudicial as to constitute reversible error. *Rubalcava v. Garst,* 61 N.M. 10, 293 P.2d 656 (1956). A review of the record fails to show any abuse of discretion by the trial court.

II. As a second point of error the State claims that the trial court's ruling, barring the State's chief appraisal witness'

partner from the courtroom, was an abuse of discretion. "The rule" is codified as New Mexico Rule of Evidence 615 [§ 20–4–615, N.M.S.A.1953 (Supp.1977)]. This rule requires that a trial judge "shall" order "witnesses" excluded at the request of a party. Decisions in this state interpret this rule to give the trial court broad discretion in its application.[1]

This Court has said that absent a showing of clear abuse of discretion and prejudice, the trial court's decision will not be disturbed. *State v. Romero,* 69 N.M. 187, 365 P.2d 58 (1961) (rehearing denied 1961). *Sweitzer v. Sanchez,* 80 N.M. 408, 456 P.2d 882 (1969). The record shows that the trial court heard arguments on the issue, and found that the relationship between the State's appraisal witness and his business partner was sufficiently close to require that the partner be excluded. That decision was proper and within the trial court's discretion.

■ III. The appellant asserts that it was error for the trial court to admit photographs, offered for the limited purpose to show the affected parking area but which also depicted road construction in one margin. On objection the trial court accepted the photographs for the limited purpose, and granted the appellant the opportunity to offer limiting instructions to the jury; the appellant failed to tender the instructions.

On the original appeal we held that damages for lost business income due to the road construction were improper. *State ex rel. Hwy. Dept. v. Kistler-Collister Co., Inc.,* supra, 88 N.M. at 226, 539 P.2d at 616 (1975). It is upon this theory that the appellant urges error by allowing the road construction to be seen by the jury.

The Wisconsin Supreme Court, discussing the use of photographs, has held, in a case cited by appellee for other authority, that a trial court has necessarily broad discretion " . . . and unless there has been abuse of that discretion . . . the matter will not be reviewed . . . ." *Commerce Ins. Co. v. Badger Paint & H. Stores,* 265 Wis. 174, 176, 60 N.W.2d 742, 747 (1953).

The trial court specifically called for limiting instructions to the jury regarding the use of photographs. Although general limiting instructions were tendered, accepted and read by the court to the jury, no specific instructions on road construction in the exhibits were tendered by the appellant. The burden of tender of instructions rests with the parties under N.M.R.Civ.P. 51 [§ 21–1–1, N.M.S.A.1953 (Repl.1970)]. *In re Will of Callaway,* 84 N.M. 125, 500 P.2d 410 (1972) (rehearing denied 1972).

■ IV. The appellant asserts the trial court erred in withholding rebuttal evidence to exhibits offered by the appellee.

The appellant, out of the presence of the jury made a tender of proof which the court accepted. During the trial the evidence offered was objected to and found by the court to contain elements not previously considered in the original tender. The court heard arguments, and then ruled that the additional evidence was unacceptable because inaccurate. The court held that the inaccuracy was so substantial as to cause confusion and possible prejudice to the appellee, and on that finding excluded the evidence. Neither party presents any law, other than from the original case, to support their positions. This Court has held directly and indirectly that the determination of relevancy, competency, materiality, and admission are at the discretion of the trial court. *Martin v. New York Life Insurance Co.,* 30 N.M. 400, 234 P. 673 (on rehearing, 1925). A tender may contain one or all elements of admissibility and still be inadmissible for cause. *Chiordi v. Jernigan,* 46 N.M. 396, 129 P.2d 640 (1942). The testimony of an expert witness and his documentary evidence are admissible at the discretion of the trial court, and that discre-

---

1. *See, State v. Kijowski,* 85 N.M. 549, 550, 514 P.2d 306, 307 (Ct.App.1973), "The exclusion of witnesses from the courtroom is a matter within the discretion of the trial court." *Accord,*

*State v. Carrillo,* 82 N.M. 257, 479 P.2d 537 (Ct.App.1970); *State v. Romero,* 69 N.M. 187, 365 P.2d 58 (1961).

tion will not be disturbed unless manifestly wrong. *Jaramillo v. Anaconda Co.,* 71 N.M. 161, 376 P.2d 954 (1962); *Winder v. Martinez,* 88 N.M. 622, 545 P.2d 88 (Ct.App. 1975).

■ V. The appellant's fifth point asserts error because the trial court allowed appellant's appraiser to be called by the appellee as an appellee witness, and to introduce his appraisal report made more than nine (9) months prior to the date of taking.

With respect to the appellee's use of the appellant's appraiser, the question is old in New Mexico, and the law which has developed establishes the right of the property owner to call the State's appraiser, and to employ for the property owner's best interest the appraisal report at trial. *State v. Steinkraus,* 76 N.M. 617, 417 P.2d 431 (1966) (rehearing denied 1966).

With respect to the admissibility of the appraisal report made more than nine (9) months prior to the date of taking, pursuant to § 22–9–52(A), N.M.S.A.1953 (Supp. 1975), there is no New Mexico law barring the introduction of appraisal reports made *prior* to the date of the original petition.

The Wisconsin cases cited by appellant are not on point. *Schey Enterprises, Inc. v. State (Highway Com'n),* 52 Wis.2d 361, 190 N.W.2d 149 (1971) is distinguishable insofar as the property owner asserted the error to be prejudicial and on that basis the Wisconsin court reversed. Here, the State asserts the error and claims that the appraisal report valuation was *too low,* but fails to show how the State's interests were prejudiced. If the valuation was too low, then it could have only *helped* the State's case. The State has failed to show what prejudice it has suffered from the report's admission under N.M.R.Civ.P. 61 [§ 21–1–1, N.M.S.A. 1953 (Supp.1970)].

VI. The appellant asserts two points of error from the same trial occurrence; first, that a remark by the appellee's witness was prejudicial and thus that the trial court should have sustained a motion for mistrial. Secondly, that during the course of the trial, the trial court should not have instructed the jury as to the New Mexico Supreme Court's decision in this case on prior appeal.

■ The remark attributed to the appellee's appraisal witness was: "I am afraid to say but the Supreme Court in the last case indicated they agreed with what I said." The State's attorney in effect, invited the statement on cross-examination. On cross-examination the plaintiff may not invite error and then take advantage of it. *McCauley v. Ray,* 80 N.M. 171, 453 P.2d 192 (1968); *see, Tobeck v. United Nuclear-Homestake Partners,* 85 N.M. 431, 512 P.2d 1267 (Ct.App.1973).

No motion to strike the testimony was made, nor was a compensating instruction to the jury tendered by the appellant. The trial court was correct in denying the motion for mistrial.

■ With respect to the second point of asserted error, that the court was wrong in instructing the jury on points of law from the prior decision on appeal in this case, there is no case law or statute directly on point in New Mexico which addresses this question.

Notwithstanding the novelty of the question in the state, the appellant merely asserts prejudicial error without sustaining their claim with arguments of fact or law— New Mexico or otherwise. A mere assertion of error is not enough to rebut the presumption of regularity and propriety accorded the trial court's decision.

It appears that the instructions by the court were accurate as to the content of the Court's prior decision, even-handed and fair to both parties.

■ VII. The appellant asserts the trial court erred in its award of interest on the unpaid balance of the judgment entered.

This point of error is original to this appeal and was not raised during the trial at any time. The appellate courts will not ordinarily consider novel issues on appeal. This is true for both principal damages awarded and interest on the principal.

*Schrib v. Seidenberg,* 80 N.M. 573, 458 P.2d 825 (Ct.App.1969). However, under limited circumstances where failure to reach a particular question could work an injustice or unfairness we may consider the issue. We choose to do so here.

The law in New Mexico governing the award of interest on a judgment is statutory. Section 22–9–52(B), N.M.S.A.1953 Comp. (Supp.1975) reads:

> B. whenever just compensation shall be ascertained and awarded in such proceeding and established by judgment, the judgment *shall* include as a part of the just *compensation awarded,* interest at the rate of six per cent [6%] a year from *the date of the date the petition is filed to the date of payment* or the date when the proceedings are finally abandoned; (Emphasis added.)

The purpose of the statute is clear. Where damages are awarded interest will accrue at the rate of six per cent (6%) on the unpaid portion of the principal from the date the petition in condemnation is filed until paid in full.

The court properly awarded interest at the statutory rate on that part of the damages awarded but not paid and not on deposit with the court. The court included in the principal amount eligible to bear interest, the sum of the accrued interest on the unpaid balance of the award, from the date of the filing of the petition to the date of the entry of judgment in the second trial. This is incorrect. The statute calls for interest to be paid on the unpaid balance of the original compensation awarded, but does not provide for interest to be paid on the interest accrued on the award with the filing of the judgment. This would be an entirely different scheme for paying interest on accrued interest, something not provided for in the statute.

Accordingly, we conclude that the award of the compensation to bear interest shall not include any accrued interest monies; and order that only simple interest at the statutory rate shall be paid on the unpaid balance of the final award. The district court shall refigure the award to bear simple interest accordingly.

With the exception of point VII concerning interest, the trial court is affirmed in all other respects.

IT IS SO ORDERED.

SOSA and FEDERICI, JJ., concur.