Clay FRANCISCO, Appellant,

v.

The TRAVELERS INSURANCE COMPANY, Appellee.

No. 18309.

United States Court of Appeals
Eighth Circuit.

Aug. 10, 1966.

Elwyn L. Cady, Jr., Kansas City, Mo., for appellant.

Reed O. Gentry, of Rogers, Field & Gentry, Kansas City, Mo., for appellee;

Morris H. Kross, of Rogers, Field & Gentry, Kansas City, Mo., on the brief.

Before VOGEL, Chief Judge, MEHAFFY, Circuit Judge, and McMANUS, District Judge.

VOGEL, Chief Judge.

Clay Francisco, plaintiff-appellant, brought this action against the defendant-appellee, The Travelers Insurance Company, seeking $500,000 in compensatory damages and $2,500,000 in punitive damages because of appellee's alleged wrongdoing in "purloining" appellant's insurance agency. At the close of plaintiff's case the District Court, following applicable Missouri law and sitting without a jury, sustained appellee's motion for judgment and entered it accordingly. Thereafter appellant perfected this appeal. Diversity of citizenship and the amount involved suffice for federal court jurisdiction.

Appellant testified that in 1935 he took a position as a direct agent for the appellee. Effective July 1, 1951, appellant, by contract, was authorized to maintain an agency to solicit applications for appellee's insurance and to collect premiums on policies. Under this contract appellee rendered commissions to the appellant on the basis of premiums paid. The contract further provided that it was terminable by either party upon the giving of written notice.

Mr. Francisco, who is admittedly high strung and of an emotional nature, was approached in 1952 or 1953 by Robert Hawley, the casualty manager of appellee's branch office in Kansas City, Missouri, who questioned appellant about the payment of certain net premiums due the company. This was the first time that anyone had asked appellant for "nets". The "nets" in question were eventually paid over by appellant but the altercation with Hawley allegedly "precipitated a disturbance of Francisco's emotional tranquility" to the extent that appellant no longer went to his office. Appellant stayed at his lake home and his agency was apparently maintained to some extent by his secretary.

Sometime in 1954 Clarence C. Cook, appellee's Kansas City manager from 1948 to 1955, visited appellant at his lake home. At the time of this visitation appellant signed a contract proffered by Cook authorizing one Robert E. Campbell to operate appellant's agency on appellant's behalf. The testimony in the court below in no way contradicts the lower court's finding that this contract was executed willingly by appellant without any fraud or duress by either appellee or its agent Cook. Thereafter, appellant received periodic checks from Mr. Campbell.

Appellee introduced the following exhibits at trial while cross-examining the appellant:

Exhibit A, a contract dated June 14, 1954, allowing Campbell to operate appellant's insurance agency on appellant's behalf. This was apparently the document Cook brought to appellant which is discussed ante;

Exhibit B, a contract dated September 20, 1954, extending the terms and conditions of Exhibit A;

Exhibit C, a contract dated March 15, 1955, further extending the terms and conditions of Exhibit A;

Exhibit D, a contract dated June 15, 1955, allowing Campbell and one William J. McCarty to operate appellant's insurance agency on appellant's behalf;

Exhibit E, a contract dated December 15, 1955, extending the terms and conditions of Exhibit D.

Appellant admittedly signed all of the documents represented by the above-listed exhibits. On June 14, 1954, appellant, by letter to appellee, gave Campbell "my power of attorney to operate the agency during my absence". From 1953 to the time of the filing of this lawsuit, appellant made no attempt to service insurance for appellee or any other company.

From September 23, 1958, to April 10, 1962, appellant was under the guardianship of one Perrin D. McElroy, after having been declared incompetent for that period of time by the Probate Court of Jackson County, Missouri, at Kansas City. On April 10, 1959, with the approval of the Probate Court, McElroy sold the assets and good will of appellant's insurance agency to Campbell and McCarty for $2,500.

In 1961, appellant tried and failed to regain a position with appellee. The 1951 contract entered into between appellant and appellee was formally terminated by the appellee in February of 1963 pursuant to the terms of that contract. The instant action was brought shortly thereafter.

In its Memorandum Opinion, the trial court concluded appellant did not state a claim upon which relief could be granted, for there was a failure to prove damage to appellant's business or property, contractual interference, or intentional wrongdoing by appellee. Further, the court held appellant's claim for damages was barred by the Missouri statute of limitations. Upon entry of judgment, appeal was made on the grounds that the court erred in restricting discovery and in sustaining appellee's motion for judgment. We affirm.

Appellant alleges that the court below, prior to trial, refused to allow him to discover under Rule 34 of the Federal Rules of Civil Procedure,[1] 28 U.S.C.A., certain documents allegedly in the possession of the appellee. These documents include all of the correspondence between appellee and the appellant's agency from 1948 on; all the correspondence and inter-office memoranda between appellee's Kansas City office and appellee's other offices dealing with appellant's agency since 1948; written contracts entered into between appellant on the one side and Campbell and McCarty on the other; all correspondence between appellee and Campbell and McCarty; all financial records of transactions between appellee and Campbell and McCarty; and all financial records of transactions between appellant's agency and appellee since 1948. The lower court denied all except the last request on the grounds that the requests were either too broad and thus unreasonable, or that they were irrelevant to the instant action. The court also denied the last request for all financial records of transactions between appellant's agency and appellee since 1948 but stated in regard thereto:

> " * * * If at some later time in the preparation of the case for trial, it should become apparent that the information asked for * * * should become necessary to plaintiff's proof of claim, then all or such part thereof as may be necessary may be produced."

Appellant failed to follow up on this matter at trial.

Normally, the denial of a motion for discovery under Rule 34 is discretionary with the trial judge. See, e.g., Tiedman v. American Pigment Corp., 4 Cir., 1958, 253 F.2d 803, 808; Bank of America Nat'l Trust & Sav. Assn. v.

---

1. Rule 34 provides in pertinent part:

    *"Rule 34. Discovery and Production of Documents and Things for Inspection, Copying, or Photographing*

    "Upon motion of any party showing good cause therefor and upon notice to all other parties, and subject to the provisions of Rule 30(b), the court in which an action is pending may (1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 26(b) and which are in his possession, custody, or control; * * *. The order shall specify the time, place, and manner of making the inspection and taking the copies and photographs and may prescribe such terms and conditions as are just."

Hayden, 9 Cir., 1956, 231 F.2d 595, 606; Sher v. De Haven, 1952, 91 U.S.App.D.C. 257, 199 F.2d 777, 781, 36 A.L.R.2d 937. See, also, 2A Barron & Holtzoff, Federal Practice & Procedure, § 803 (Rules Ed. 1961). Herein appellant has failed to establish such good cause or relevancy to support his request for discovery which would justify us in finding an abuse of discretion and overturning the ruling of the court below. Mitchell v. Bass, 8 Cir., 1958, 252 F.2d 513, 518–519. We are satisfied that the single affidavit offered by appellant in support of his discovery motion is not persuasive in view of the evidence at trial, which clearly indicates that appellant has no justifiable claim for relief herein. The absence of the documents sought at most merely handicaps the appellant in establishing damages and there can be no damages if there is no valid claim for relief.

■■■ In ruling on appellee's motion for judgment, the court below made the following comments:

" * * * If the Court accepts the fact that the plaintiff's testimony is true and all of the inferences to be drawn from the plaintiff's testimony, the testimony was, with all reasonable inferences from it, that in 1953 he was not taking care of his business. He had written business in 1953 [sic; 1952], I believe he said about one million dollars, but in 1953 something happened to him and he was not even going to his office. He says he had gone to the agency, and some complaint to him about paying his nets, and I am confident I heard him say that he did owe some nets, but whether he did or whether he didn't, the fact that demand was made upon him was not a breach of any contract, was not breach of any confidence, was not misconduct, necessarily malicious. Suppose it had been? It was not, nothing wrong.

"Now, the testimony is that Mr. Cook came out to his home and stated that he was not taking care of the business and somebody had to do it and that he signed an agreement by which it was to be operated. He said Mr. Cook was his boss and he did what he said, but there is not a scintilla of evidence that he was overreached, that he was threatened. He realizes his condition, he was a nervous man, but to get right down, there is no suggestion that Cook did anything that was wrong in taking over the agency even for his own protection. At that time there was no suggestion that it was being taken away from him. It was simply done for his own protection and, thereafter, he continued to operate it for his protection, and he never did anything about it. He never went about the place. He never came back to the company, never went to the agency or had anything further to do with it, so I don't see there is any evidence here whatsoever of any wrongdoing on the part of the defendant."

We are fully in accord with the above observations. Appellant failed to make out a prima facie case of liability. He admittedly owed the "nets" demanded of him by Hawley, although he was not in arrears on them. It in no way appears from the evidence that appellant was acting other than in a voluntary manner in contracting with appellee to run appellant's agency on appellant's behalf. There is nothing to indicate any over-reaching by appellee. Nothing herein indicates any duress or interference exercised against the appellant to prevail upon him to sign the contract. See, Malloy v. Jones, 1943, 351 Mo. 1211, 175 S.W.2d 776, 779; cf., also, Grages v. Grages, Mo.App., 1945, 184 S.W.2d 749, 754. Certainly there is no reasonable way to call the sale of appellant's agency by his guardian, McElroy, a "purloining" of agency by appellee.

■ Appellant would have us believe that:

"The uncontradicted evidence demonstrated interference with Francisco's agency by Travelers under circumstances of legal malice."

As discussed, supra, there is no evidence of any such unwarranted interference in the record. Appellant cites the Missouri case of Ackerman v. Thompson, 1947, 356 Mo. 558, 202 S.W.2d 795, 799, for the proposition that:

" * * * 'Mental pain and suffering proximately resulting from a wrong which in itself constitutes a cause of action is a proper element of compensatory damages.' [Citing 25 C.J.S. Damages § 63] * * * mental pain and suffering is a proximate result of a wrong which affects a man's economic security and prevents him from earning a living for himself and family."

We have no quarrel with *Ackerman,* once it is understood that herein there is no underlying "wrong" on appellee's part. There being no "wrong", appellee cannot be accused of malice and held liable for any pain and suffering experienced by appellant.

Appellant raises a few other points which we will not discuss in detail herein. It is not necessary to rule on the statute of limitations question since appellant cannot recover in any event. Also it is not necessary to deal with appellant's assertion that damages were sufficiently proved since we have held, supra, that appellant has no valid claim for relief. A reading of the entire record indicates there was no improper cross-examination of appellant, as he claims. The case of Tucker v. United States, 8 Cir., 1925, 5 F.2d 818, relied upon by appellant, is inapplicable since that case dealt with one's privilege against self-incrimination being violated on cross-examination. Such was not the situation herein.

Affirmed.