325 P.2d 289

Tomasa N. GARCIA, Salvador Sanchez, Plaintiffs-Appellants,

v.

Frank C. SANCHEZ, Tony Roberts, The Unknown Heirs of the following deceased persons: Jose Sanchez, Dolores Otero de Burg, John B. Burg, Ricardo Sanchez, Modesta Cervantes de Sanchez, All Unknown Claimants of Interest in the Premises Adverse to Plaintiffs, Defendants-Appellees.

No. 6349.

Supreme Court of New Mexico.

May 6, 1958.

Rolando J. Matteucci, James H. Foley, Albuquerque, for appellants.

Rodey, Dickason, Sloan, Akin & Robb, Charles B. Larrabee, Albuquerque, for appellees.

COMPTON, Justice.

This is an action by appellants to establish and quiet title to real estate, and incidentally, for an accounting. Issue was joined on matters of substance, and for affirmative defenses, appellee Sanchez asserts laches, adverse possession, and statute of

limitations. By counterclaim, he seeks to quiet the title to the premises in himself. The cause was tried to the court and from a judgment sustaining the defense of adverse possession ,and quieting appellee's title, appellants have appealed. The actual controversy is between appellants and appellee Sanchez.

The title to the premises stems from Modesta Cervantes de Sanchez, who died in 1915. She left surviving her three children, appellee Frank C. Sanchez, Jose Sanchez, who died in 1951, and appellant Salvador Sanchez, then of the ages of 21, 15 and 7 years respectively. They were then occupying the premises as their home. Shortly after the death of the mother, appellee was appointed administrator of her estate. He was also appointed guardian of the estate of the minors for the purpose of mortgaging their interest to obtain funds for their support and to pay debts then due against the estate of the mother. Both appointments were made in 1915 and were never thereafter closed.

Appellant Tomasa N. Garcia and appellee were married in 1915, shortly after the death of the mother. They lived on the premises until 1930, when they were divorced. In the divorce proceeding the court awarded appellee's interest in the estate to the wife for the support of herself and their minor children. Previously, appellee had rendered the property for taxes and had paid all taxes assessed against it. However, when the court awarded his interest to the wife, he refused to have anything further to do with the estate and informed the brothers, who then had attained their majority, that henceforth they would have to attend to the assessment and payment of taxes. They neglected to do so, and in 1939, when appellee was informed that the property had been sold to the state for delinquent taxes and that others were planning to purchase the property, he acquired a tax deed himself and promptly recorded it. Thereafter he rendered the property in his own name and has timely paid all taxes levied against it.

Appellants forcefully argue that appellee owed a duty to the estate of his mother and the wards to pay the taxes, and further, that the trust relations barred him from acquiring an interest in the estate adverse to the beneficiaries. Whatever may be the correct rule respecting an administrator's duty to pay taxes on an estate being administered by him, or the duty of a guardian to his ward in this respect, we need not here determine; however, we cannot too strongly emphasize the rule that as long as the relation of trustee and cestui que trust exists, the fiduciary may not assert an interest or title antagonistic to the beneficiaries. Such relation imposes a duty on the trustee to preserve and protect the estate. The duty is a continuing obligation until the fiduciary is relieved of it by order of court or until the relation is otherwise terminated.

But as fundamental as the doctrine is, appellants cannot avail themselves of it. The case turns on whether there was a repudiation of the trust. The evidence on this point is quite clear. The brother Jose entered the military service in 1917 and never thereafter returned to his home. Salvador left the home in 1927 or 1928 and returned for short visits only. Tomasa continued to live in the home for a year or so after the divorce, then went to California where she remarried and continues to live. As a result, the property remained vacant, if not abandoned, for several years. Appellee visited Jose and Salvador in Casa Blanca, California in 1940, and on the occasion of this visit, informed them that the property had been sold to the state and that he had acquired a tax deed thereto. He also requested them to give him a quitclaim deed to the premises. Jose responded in substance that he had no further interest in the property; Salvador made no response whatever. Possessed with this knowledge, they took no affirmative action to protect their interests for a period of more than 10 years. To be exact, it was 1956 before they asserted any rights to the premises adverse to appellee.

It is perfectly obvious that it was upon this evidence the trial court made its findings and conclusion sustaining appellee's affirmative defense of adverse possession. The ruling of the court was fully warranted. We can think of no act of repudiation more hostile than where a trustee openly informs the beneficiaries that he had acquired their interests in the estate by tax deed, followed by a request for a quitclaim deed. Such acts could not fail to convey to them the hostile character of possession then being asserted. Simpson v. Manson, 345 Ill. 543, 178 N.E. 250. Cf. also Patterson v. Hewitt, 11 N.M. 1, 66 P. 552, 55 L.R.A. 658.

The judgment is affirmed. It is so ordered.

LUJAN, C. J., and SADLER and McGHEE, JJ., concur.

SHILLINGLAW, J., not participating.