608

633 P.2d 716

In the Matter of the ESTATE OF Alejandro N. GUERRA, Jr., Deceased,

Leo GUERRA, Petitioner-Appellee,

v.

NEW MEXICO HUMAN SERVICES DEPARTMENT, Respondent-Appellant.

No. 4908.

Court of Appeals of New Mexico.

May 21, 1981.

Richard Shapiro, Asst. Atty. Gen., Santa Fe, for respondent-appellant.

William L. Lutz, Martin, Martin, Lutz & Cresswell, P. A., Las Cruces, for petitioner-appellee.

## OPINION

WALTERS, Judge.

In 1977, the personal representative in an informal probate action commenced a wrongful death action on behalf of the Estate of Alejandro Guerra, Jr., the father of Leo Guerra. A settlement of the wrongful death action was entered into and subsequently approved by the court. The proceeds, after allowance for costs, were divided into eight equal shares, which shares were to be distributed to Mrs. Guerra and the seven Guerra children, including Leo. Three of the children's shares were distributed to Mrs. Guerra in trust, with specific instructions for handling. The shares of the remaining Guerra children were ordered paid to the Department of Health & Social Services (now the Department of Human Services, hereafter "HSD") in trust, since HSD had been awarded custody of those children in a previous proceeding. The order directed that those funds were to be "deposited by HSD in interest-bearing accounts until the minors reach the age of majority."

When Leo turned 18 in 1980, he requested the funds in the possession of HSD and was informed that the funds had been spent for Leo's care and expenses while he had been under foster care. Leo then moved for an Order to Show Cause why HSD should not be ordered to deliver the trust fund to him.

HSD moved to dismiss for lack of jurisdiction. After a hearing, the court denied HSD's motion and by order of September 12, 1980, directed HSD to comply with the terms of the 1977 order. It is this 1980 order which HSD appeals.

HSD argues in this court, as it did below, that the district court did not have jurisdiction over the Department in 1977 by which the 1977 order could be enforced against the Department; and that Leo is not entitled to reimbursement of funds expended by HSD for Leo's foster care. We do not agree and affirm the trial court.

Defendants have cast their principal argument in terms of lack of notice of the 1977 proceedings under the New Mexico Rules of Civil Procedure and the Probate Court, overlooking completely the fiduciary status it occupied as guardian of Leo Guerra and the duties attaching to that guardianship.

It was said in *In re Clendenning*, 145 Ohio St. 82, 60 N.E.2d 676 (1945), that a guardian is an officer of the court, and that, in guardianships, the ward is the ward of the court. *Clendenning* further declared that control of the ward's person and property remains in the court, with the "discharge of the duties in respect thereof being delegated to a guardian as the agent of the court and subject to the orders of the court." 60 N.E.2d at 681.

This language, approved and followed in *Seattle-First National Bank v. Brommers*, 89 Wash.2d 190, 570 P.2d 1035 (1977), and *Browne v. Superior Court*, 16 Cal.2d 593, 107 P.2d 1 (1940), lends itself to the single interpretation that the Department became a trustee insofar as the property of Leo Guerra was to be administered by it. As a trustee under court appointment (and there is no dispute regarding HSD's guardianship at the time of the 1977 order), HSD was bound as an officer of the court and as a trustee of Leo's property to obey the orders of any court of competent jurisdiction affecting the property it held in trust for Leo.

Section 45–5–208, N.M.S.A. 1978 provides in part:

By accepting a testamentary or court appointment as guardian, a guardian submits personally to the jurisdiction of the court in any proceeding relating to the guardianship that may be instituted by any person. Notice of any proceeding shall be delivered to the guardian, or mailed to him at his address as then known to the petitioner. . . .

■ HSD received notice sufficient to subject it to the jurisdiction of the court. Following the April 1977 hearing, Leo's share was delivered to a representative of HSD, who transmitted the order and the funds to Santa Fe. They were accompanied by a cover letter pointing out the need to deposit the funds in interest-bearing accounts. Acceptance of those monies by the Santa Fe office of HSD, pursuant to the Court's order of April 27, 1977, and HSD's failure to contest either the Court's jurisdiction or the terms of the trust, estop HSD from now asserting the trial court's lack of jurisdiction to enforce its 1977 order. *See Reinhart v. Rauscher Pierce Sec. Corp.*, 83 N.M. 194, 490 P.2d 240 (Ct.App. 1971).

Additionally, to concur with HSD that it is not bound by any court order because it was not made a party to the original proceedings would be to prevent every trustee and guardian from receiving assets on behalf of their wards or beneficiaries, from whatever source, unless a legal proceeding were instituted in which the guardian or trustee were made a party. That is not the law, and it never has been. The guardianship statutes establish the guardian's duty to receive and account for funds deliverable or delivered for the ward's benefit, Section 45–5–209 B and D, N.M.S.A. 1978, regardless of the manner in which those funds come into the guardian's possession.

■ HSD's agreement to act as Leo's guardian imposed upon a continuing obligation to accept and protect assets belonging to its ward according to any terms attaching to those assets, until its guardianship had been terminated. *See Garcia v. Sanchez*, 64 N.M. 114, 325 P.2d 289 (1958). Its fiduciary obligations to Leo Guerra in accordance with the terms of the court order issued from a court of competent jurisdiction, were binding; as an "officer of the court," HSD was under an even deeper obligation, once it accepted the proceeds of the 1977 proceeding for the benefit of Leo Guerra, to recognize and obey the terms of the order by which those proceeds became available. "A trust relationship imposes stringent and high standards of conduct upon the trustee." *Pino v. Budwine*, 90 N.M. 750, 568 P.2d 586 (1977).

The Department directs our attention to its rules and regulations providing that it may use whatever assets are available for the care, custody and education of its wards before it disburses public funds for those purposes. We do not quarrel with the propriety of the agency's rules; we do not, however, credit to them the overriding force which the Department attributes to them. There are provisions both in the Department's regulations and in the New Mexico statutes which permit HSD to petition the court for use of a ward's personal assets for his care. There was nothing to prevent the Department from following proper procedures to ask Judge Galvan's permission to use the fund created for Leo's benefit from the proceeds of the wrongful death action. Section 45–5–209, N.M.S.A. 1978, limits the general powers of a guardian "as modified by order of the court." It was a breach of duty for HSD to disburse Leo's funds without judicial permission.

We are not persuaded, either, by HSD's argument that the 1977 order was unclear. As we noted at the outset, the order directing that Leo's share be paid to the Department of Health and Social Services ended with the judge's handwritten addition to that paragraph, to-wit: ". . . said amounts to be deposited by HSSD in interest-bearing accounts until the minors reach the age of majority." In the immediately preceding paragraph, the order directed the mother of the children whose shares were paid to her to open three separate savings accounts in the names of those children, and to deposit their shares in their respective savings account. An explicit proviso was included in that paragraph: ". . . that the said [mother] shall be allowed and authorized to

withdraw funds from said savings accounts from time to time, as may be necessary for the support and maintenance of the three minor children; at such time as any of said minor children reach majority any balance remaining in his or her savings account, if any, shall be distributed and transferred to said child."

Existence of the express language in the proceeding paragraph authorizing withdrawals, and the absence of it from the paragraph relating to the shares delivered to HSD, make it abundantly clear that the funds deposited to Leo's account were not to be treated in the same manner as the funds paid to the mother of the three other beneficiaries. Moreover, if HSD felt the language of ambiguous, as it argues here, no reason was advanced why it did not seek clarification.

Finally, HSD contends that §§ 38–3–1 and 38–1–17, N.M.S.A. 1978, required the action to have been brought in Santa Fe County against the head of HSD, rather than in the District Court of Dona Ana County and against a regional field office manager. We conclude that those statutes do not apply in the present case; this action is not a "suit against a state officer," but an exercise by the court of its continuing jurisdiction. We have already held that HSD acknowledged the court's supervision and, therefore, its jurisdiction when it accepted the trust res. The order to show cause was of the same nature as the proceeding in *State v. Quesenberry*, 74 N.M. 30, 390 P.2d 273 (1964), where the Supreme Court held that issuance of a peremptory writ of mandamus by the district court was ancillary to the court's earlier judgment and was not "a new or independent action" and, therefore, the venue statute did not control.

The judgment of the trial court is affirmed. HSD is directed to deliver to petitioner the amount of the fund entrusted to its care for the benefit of Leo Guerra. *See Candelaria v. Miera*, 18 N.M. 107, 134 P. 829 (1913). HSD shall pay all costs.

IT IS SO ORDERED.

HERNANDEZ, C. J., and ANDREWS, J., concur.